UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY MUSHROOMS, INC., <br> Plaintiff, <br> v. <br> FEDERAL INSURANCE COMPANY, <br> Defendant. | Case No.18-cv-01439-BLF (VKD) <br><br> **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER** <br><br> Re: Dkt. No. 26 |

On August 21, 2018, the parties filed a proposed Stipulated Protective Order, which was referred to the undersigned magistrate judge for review. Dkt. Nos. 26, 19.

Some of the provisions proposed to be included in the protective order appear to be inconsistent with the Civil Local Rules, guidelines, or other policies of this Court. Before entering the proposed protective order, the Court requires modifications to the proposed order and/or an explanation on the following points, before the order may be entered:

**Section 5**. The parties' proposed order omits Section 5.1, "Exercise of Restraint and Care in Designating Material for Protection," from this Court's Model Protective Order for Standard Litigation[1]. The model provision prohibits mass, indiscriminate, or routinized designations of information and documents as "Confidential" or "Highly Confidential." The model provision is consistent with this Court's policy on filing documents under seal pursuant to Civil Local Rule 79-5, particularly those that have been designated as confidential or subject to a protective order under Local Rule 79-5(e). *See* Civ. L.R. 79-5(b) commentary ("As a public forum, the Court has a

---

[1] Available at https://cand.uscourts.gov/model-protective-orders.

policy of providing to the public full access to documents filed with the Court. . . . Proposed protective orders, in which parties establish a procedure for designating and exchanging confidential information, must incorporate the procedures set forth in this rule if, in the course of proceedings in the case, a party proposes to submit sealable information to the Judge."). The mere designation of documents as "confidential" pursuant to a protective order alone does not support sealing those documents. Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."); *San Jose Mercury News v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). The Court encourages the parties to include a provision, like the model provision, in their proposed protective order. If the parties do not wish to include such a provision, they shall briefly explain the reason for omitting it.

**Section 8**. The parties' proposed order does not include a "Section 8." However, Section 10 includes a reference to "paragraphs 8 and 9 above." Dkt. No. 26 at 5. If the parties intended to include a Section 8, or if Section 10 contains an error, the parties should re-file a corrected proposed order.

**Section 10**. The parties' proposed order does not include the Court and its personnel among those to whom the parties may disclose and provide copies of any materials designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only." This omission should be corrected, as the Court and its personnel should not be required to sign Exhibit A to the proposed order in order to have access to material that is designated under the protective order. *See* Model Protective Order at Section 7.2(d).

**Section 10.3**. The parties' proposed order permits disclosure of materials designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" to "any other persons with prior authorization of the Court." Dkt. No. 26 at 6. The Court does not expect to receive a request for authorization every time the parties wish to disclose designated materials to persons not already encompassed by the protective order; the parties may so agree without involving the Court. If, however, the parties are unable to agree about whether a particular person should be

permitted to view designated protected material, then they may bring that dispute before the Court following the procedure outlined in the undersigned's Standing Order re Civil Cases. The proposed order should be modified accordingly.

**Section 12**. The parties' proposed order permits a non-party to "intervene in this Action to enforce the provisions of this Protective Order as if they were a Party." *Id.* at 7. This provision appears inconsistent with the preceding text of Section 12, which extends the benefits and protections of the stipulated protective order to non-parties without requiring them to formally intervene under Federal Rule of Civil Procedure 24. The parties shall either modify this Section 12 or provide a brief explanation for why they believe it is appropriate to require non-parties to intervene to enforce provisions of the protective order.

**Section 14**. The parties' proposed order omits the Model Protective Order's Sections 12.1 and 12.2. The rights discussed in Sections 12.1 and 12.2 of the Model Protective Order apply regardless of whether they are explicitly mentioned in a protective order. If, however, the parties intend to waive those rights, they should so advise the Court.

For these reasons, the Court DENIES WITHOUT PREJUDICE the parties' stipulated protective order. The parties may either submit a revised stipulated protective order that addresses the matters noted above, or the parties may submit a joint discovery letter brief (in lieu of a noticed motion) that explains why the proposed provisions are appropriate for the case and consistent with the Court's rules, guidelines, and policies governing protective orders.

**IT IS SO ORDERED.**

Dated: August 30, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge